[Civ. No. 29748.   Second Dist., Div. One.   June 20, 1966.]

LARRY MARSH, Plaintiff and Appellant, v. THE MUNICI-
PAL COURT OF THE CITRUS JUDICIAL DISTRICT
OF LOS ANGELES COUNTY, Defendant and Respond-
ent; THE PEOPLE, Real Party in Interest and Respond-
ent.

Robert O. Young and Kasem & Young for Plaintiff and
Appellant.

No appearance for Defendant and Respondent.

Evelle J. Younger, District Attorney, Harry Wood and
Wilber A. Sweeters, Deputy District Attorneys, for Real
Party in Interest and Respondent.

WOOD, P. J.—Petitioner, Larry Marsh, sought a writ in
the superior court prohibiting the Municipal Court of the
Citrus Judicial District from trying him upon a misdemeanor
charge of violating section 148 of the Penal Code (resisting
public officer in discharge of duty). The writ was sought upon

the alleged basis that petitioner had been denied his right to a speedy trial. He appeals from the order denying his petition for a writ of prohibition.

The petition alleged in substance, as follows: On September 2, 1964, petitioner was arrested and taken into custody pursuant to a warrant issued by the Municipal Court of the Los Angeles Judicial District. As a result of events occurring at petitioner's residence at the time of the arrest, a misdemeanor complaint, charging him with violation of section 148 of the Penal Code, was filed on September 3, 1964. On September 18, 1964, he was taken before the Municipal Court of the Citrus Judicial District for arraignment where he, without counsel, pleaded not guilty and demanded a jury trial, and the trial was set for October 14, 1964, which was a date 42 days from the date of arrest. He did not waive his right to a speedy trial. On October 14, the petitioner made a motion in the Municipal Court of the Citrus Judicial District for counsel, which motion was granted; and at that time he refused to waive his right to a speedy trial. That court, upon its own motion, continued the case to October 21, which was 49 days from the date of the arrest and 33 days from the date of arraignment. Counsel for petitioner (defendant therein) was appointed. On October 21, 1964, counsel for defendant made a motion for an order dismissing the proceedings on the ground that he had been denied his right to a speedy trial, which motion, based upon section 1382, subdivision 3, of the Penal Code, was denied. As a result of the denial of the motion, the said court is proceeding with said action in violation of petitioner's right to a speedy trial as provided by the Constitution of California and said section 1382, subdivision 3, of the Penal Code. Petitioner has no plain, adequate and speedy remedy by appeal.

In the answer to the petition, it was alleged in substance, among other things, that the arrest first referred to in the petition was made pursuant to a warrant issued by the Municipal Court of the *Los Angeles* Judicial District, and that the petitioner, at that time or at any time, was not arrested on the charge of violating section 148 of the Penal Code (resisting a public officer, which charge was filed in the Municipal Court of the *Citrus* Judicial District).

The court made findings as follows: On September 2, 1964, petitioner was arrested at his home in Azusa by deputy marshals, Wagner and Capps, pursuant to a warrant issued by the Municipal Court of the Los Angeles Judicial District, and at that time those officers had knowledge of a second outstand-

ing warrant for petitioner's arrest. The petitioner and others used force in resisting the above-mentioned arrest, and as a result of this the officers were required to call for police assistance. After said arrest had been effected, the petitioner was booked at the San Dimas sheriff's station on a charge of violation of parole. On September 3, 1964, a complaint charging petitioner with violation of section 148 of the Penal Code was filed in the Municipal Court of the Citrus Judicial District, which complaint included additional charges against a codefendant, Hassett, and was filed as a result of the said resistance. On said September 2, or at any other time, the petitioner was not arrested on the charge contained in the Citrus Judicial District, nor is there any evidence that he at any time signed a notice to appear. Petitioner first appeared in the Municipal Court of the Citrus Judicial District in the said case (violation of section 148 of the Penal Code) on September 18, 1964, on which date he was arraigned, informed of his legal rights, and he entered a plea of not guilty. The date of October 14, 1964, was then set for jury trial, this being 26 days from September 18. On October 14, 1964, in the Municipal Court of the Citrus Judicial District, the petitioner made a motion for appointment of counsel to represent him, and at the same time expressly refusing to waive time. The motion for appointment of counsel was granted, and the cause was continued, on the court's motion, to October 21, 1964, a date 33 days from September 8. On October 21, the petitioner appeared in court, and by his counsel, Mr. Young, moved for a dismissal of the said case (violation of section 148) under section 1382, subdivision 3, of the Penal Code. Thereupon, on motion of petitioner, the matter was continued to November 12, 1964.

As conclusions of law, the court stated: The original setting of the trial date on October 14, 1964, did not entitle him to a dismissal under Penal Code section 1382, subdivision 3, for the reason that the time for his trial did not begin to run until September 18, 1964, which was the date on which petitioner submitted himself to the jurisdiction of the Municipal Court of the Citrus Judicial District in this case for the purposes of Penal Code section 1382, subdivision 3. The continuance of the trial date from October 14 to October 21, despite petitioner's refusal to waive time, did not entitle him to a dismissal under Penal Code section 1382, subdivision 3, because said date was 33 days from the date when the statutory period began to run.

The statutory period under Penal Code section 1382, subdivision 3, under these circumstances was 45 days.

Section 1382, subdivision 3, of the Penal Code, effective in 1964, provided: "The court . . . must order the action to be dismissed in the following cases: . . . 3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested. . . . or if there has been no arrest and he has not signed a notice to appear, within 45 days after he has, by appearance in court pursuant to a parking citation or otherwise, submitted himself to the jurisdiction of the court. . . ."

■ Appellant asserts that he should have been brought to trial within 30 days after September 3, 1964, the date the complaint charging violation of section 148 (resisting officer) was filed in the Citrus Municipal Court; that, at least for the purposes of the instant case and said section 1382, "appellant was 'arrested' on the day complaint was filed, (the day after he was placed in custody on the previous charge) and the statutory period of 30 days was imposed"; that certainly he should have been brought to trial within 30 days after the arraignment; and that since he was brought to trial at a time which was 49 days after the complaint was filed and was 33 days after the arraignment, he was denied a speedy trial and the case should have been dismissed.

On September 3, 1964, the date the complaint charging resistance of an officer was filed, the appellant was in custody in San Dimas on a charge of violation of parole. On the preceding day, September 2, he had been arrested in Azusa pursuant to a warrant issued by the Los Angeles Municipal Court, and at that time there was another or second outstanding warrant for his arrest (presumably for violation of parole). The complaint filed on September 3 was based upon alleged conduct of appellant on September 2 in resisting arrest under the warrant issued by the Los Angeles court. The trial court herein (at the hearing on the petition for a writ of prohibition) found that the appellant had not been arrested upon the charge on which the complaint of September 3 (resisting arrest) was based. On September 18, 1964, the appellant, who was then in custody in San Dimas, was arraigned in the Citrus Municipal Court upon the complaint of September 3. He had not signed a notice to appear on that charge. According to said section 1382, subdivision 3, the date of filing the complaint is not the commencement date of the 30-day period or the 45-day period within which a defendant

should be brought to trial. That section provides, as above indicated, that "Regardless of when the complaint is filed," a misdemeanor case in an inferior court must be dismissed when a defendant in such a case is not brought to trial within 30 days after he is *arrested*; or if there is no arrest and he has not signed a notice to appear, within 45 days after he has by appearance in court submitted himself to the jurisdiction of the court. Appellant had not been arrested on the charge involved here, and he had not signed a notice to appear. Under the circumstances here, the date of arraignment, September 18, 1964, was the commencement date of the 45-day period within which the appellant should have been brought to trial. He was brought to trial on October 21, 1964 (33 days after arraignment) which was within said 45-day period. The trial court properly denied the petition for a writ of prohibition.

The order is affirmed.

Fourt, J., and Lillie, J., concurred.